UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN SALES COMPANY, INC.
and ROCHESTER DRUG CO-OPERATIVE, INC.,

    Plaintiffs,

v.

    Case No. 10-12141
    Hon: AVERN COHN

NOVO NORDISK A/S and
NOVO NORDISK, INC.,

    Defendants.

_____/

# ORDER APPOINTING COURT EXPERT

This is a complex case involving issues relating to the interrelationships between the antitrust laws and the Hatch-Waxman Act, 21 USC §356, *et seq*, regarding pharmaceutical products.

As described by defendants:

> Plaintiffs, direct purchasers of the diabetes drug PRANDIN®, raise two antitrust claims against the drug's manufacturer, Novo Nordisk A/S and Novo Nordisk Inc. ("Novo").
>
> In Count 1, Plaintiffs assert that Novo's decision to amend its use code narrative for U.S. Patent No. 6,677,358 (the "'358 patent") to track an amendment to the drug indications mandated by the Food and Drug Administration ("FDA") was "baseless" because it prevented the manufacture of a generic equivalent to PRANDIN®, Caraco Pharmaceutical Laboratories, Inc. ("Caraco"), from carving out of its label a use for its proposed generic drug that did not violate the '358 patent.
>
> and

1

In Count 2, Plaintiffs assert that Novo acquired the '358 patent through fraud on the Patent and Trademark Office ("PTO"), thereby rendering Novo's later Orange Book filing and subsequent patent enforcement actions improper.

Defendants have filed two (2) motions to dismiss styled:

> Defendants' Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Class Action Complaint for Failure to plead Exclusionary Conduct and for Lack of Standing or, in the Alternative, Motion to Stay (Doc. 24)

and

> Defendants' Motion to Dismiss Director Purchaser Plaintiffs' Consolidated Class Action Complaint for Lack of Standing and Failure to Allege Antitrust Injury (Doc. 27)

Plaintiffs have responded. In the Introduction to

> Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Relating to Exclusionary Conduct and Standing (Doc. 29)

plaintiffs say:

> "Plaintiffs American Sales Company, Inc. and Rochester Drug Co-Operative, Inc. ("Plaintiffs") detail in their Consolidated Class Action Complaint (the "Complaint" or "Compl.," Doc. #23) how Defendants Novo Nordisk A/S and Novo Nordisk, Inc. ("Novo") maintained their monopoly power over repaglinide by improperly excluding competition from fully substitutable, but lower priced, generic versions of Prandin. Novo did so by (a) manipulating the patent use code narrative for Novo's '358 patent to cover the two *non-patented uses*, as well as the one patented use, of repaglinide; and (b) fraudulently obtaining that patent in the first place." (Compl. #23).

and in the Introduction to

> Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Relating to Standing and Antitrust Injury (Doc. 30)

plaintiffs say:

> "Plaintiffs American Sales Company, Inc. and Rochester Drug Co-Operative, Inc. ("Plaintiffs") allege that they overpaid for repaglinide because of wrongful conduct by Defendants Novo Nordisk A/S and Novo Nordisk, Inc. ("Novo") that blocked market entry of bioequivalent, but less expensive, generic versions of repaglinide that would have competed with Novo's more expensive, branded version (sold under the brand name, "Prandin")."

The Court will be materially assisted in ruling on the defendants' motions if it has the benefit of the analysis and opinion of an independent expert as to whether or not the complaint is subject to dismissal and/or a stay as prayed for by defendants.

Accordingly, the Court appoints Professor Daniel Crane of the University of Michigan Law School to serve as a court-appointed expert pursuant to its inherent authority and pursuant to Fed.R.Evid. 706. Professor Crane shall analyze the motions and express an opinion in the form of a written report as to whether or not the complaint is subject to dismissal, in whole or in part, as prayed for by defendants, or whether further proceedings should be stayed, in whole or in part, as prayed for by defendants.

The Court has appointed an expert as above because of the complexity of the statutory scheme underlying the allegations in the complaint, particularly the interrelation between the antitrust laws and the Hatch-Waxman Act, as well as the regulations promulgated by the Food and Drug Administration with regard to Orange Book listings regarding pharmaceutical products.

Professor Crane shall file the original of his report within ninety (90) days of the effective date of this order. Copies of the report shall be sent to counsel of record, who shall have twenty (20) days afer the date of filing of the report to take exception to it, in

whole or in part.

The fees and expenses of Professor Crane shall be shared equally by plaintiffs and defendants. Any exception to Professor Crane's fees and expenses shall be resolved by the Court on notice and hearing.

Any objections to this order shall be filed with the Court within ten (10) days.

SO ORDERED.

          S/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: December 29, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 29, 2010, by electronic and/or ordinary mail.

          S/Julie Owens
          Case Manager, (313) 234-5160