FILED
APR 21 2015
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE PRANDIN DIRECT PURCHASER ANTITRUST LITIGATION | C.A. No. 2:10-cv-12141-AC-DAS<br><br>Judge Avern Cohn |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Magistrate Judge Donald A. Scheer |

## ORDER APPROVING
## DISTRIBUTION OF NET SETTLEMENT FUND

WHEREAS, on January 20, 2015, this Court entered a Final Order and Judgment approving a $19 million Settlement between Plaintiffs American Sales, LLC and Rochester Drug Co-Operative, Inc. (collectively "Plaintiffs"), individually and on behalf of the Class they represent, and Defendants Novo Nordisk A/S and Novo Nordisk, Inc. (collectively "Defendants"), approving the terms of the Settlement Agreement and the Plan of Distribution [Doc. #68, 01/20/2015] ("Final Approval Order");

WHEREAS, the Plan of Distribution required: (i) that the Claims Administrator, Rust Consulting, Inc. ("Rust"), mail the Proof of Claim and Release ("Claim Form")[1] to each Class member, populated with the calculation of each Class member's qualifying purchases of Prandin, within 15 days of the Final

---

[1] The Claim Form approved by the Court was attached as Exhibit C to Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Settlement (Doc. #58-4).

Approval Order (*i.e.*, February 4, 2015); (ii) that Class members submit executed Claim Forms to Rust within 45 days of the Final Approval Order (*i.e.*, March 6, 2015); and (iii) that Class Counsel submit a motion for distribution of Net Settlement Fund within 90 days of the Final Approval Order (*i.e.*, April 20, 2015);

WHEREAS, the record shows that, on or before February 4, 2015, Rust sent a populated Claim Form to each Class member by first class mail, and Class Counsel submitted an uncontested Motion for Distribution of Net Settlement Fund on April 20, 2015, as required;

WHEREAS, the Declaration of Rebecca A. Blake ("Blake Declaration") and the Declaration of Michael Augusteijn ("Augusteijn Declaration") verify the actions taken by Rust, in concert with Class Counsel and Greylock McKinnon Associates ("Greylock"), to: (i) identify all Class members from the transactional sales data produced by Defendants; (ii) calculate total Prandin purchases for each Class member that purchased Prandin during the Class Period; (iii) calculate the Prandin purchases covered by a recovery sharing or assignment agreement between a Class member and an entity that purchased Prandin from the Class member during the Class Period; and (iv) calculate the ratio of each claimant's purchases to the overall total Class purchases to yield each claimant's *pro rata* percentage of the Net Settlement Fund, resulting in the identification of thirty-six

(36) claimants who are eligible to participate in the distribution of the Net Settlement Fund (collectively, "Authorized Claimants");

WHEREAS, the Blake Declaration and the Augusteijn Declaration verify fees and expenses that were reasonably and necessarily incurred in connection with the administration and distribution of the Net Settlement Fund; and

WHEREAS, the Court has retained exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including the Settlement Fund and the administration, consummation, and interpretation of the settlement and Settlement Agreement (Final Approval Order ¶ 33):

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1. The administrative determinations of Rust concerning the claims submitted in this case, as set forth in the Blake Declaration, are hereby APPROVED.

2. Rust shall distribute to each Authorized Claimant, whose Claim Form has been accepted by Rust, its *pro rata* percentage of the Net Settlement Fund, as computed and reported by Rust and set forth in Exhibit 2 to the Blake Declaration. Rust shall make distribution to McKesson Corporation, Albertson's LLC and and SuperValu Inc. upon receipt of the data that allows for the proper allocation among those three entities.

3. Rust shall be paid the sum of $18,443.91 from the Settlement Fund, in payment for its fees and reimbursement of expenses reasonably and necessarily incurred, and to be incurred, in connection with the administration of the Settlement and distribution of the Net Settlement Fund.

4. Greylock shall be paid the sum of $8,277.50 from the Settlement Fund, in payment for its fees and reimbursement of expenses reasonably and necessarily incurred in connection with the administration of the Settlement and distribution of the Net Settlement Fund.

5. No further claims received by Rust shall be allowed.

6. Any further claims against the Net Settlement Fund established for purposes of this Settlement are finally and forever barred.

7. Plaintiffs, Class Counsel, Rust, Greylock and all persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed in this action, or who are otherwise involved in the administration or taxation of the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and pursuant to the release terms of the Settlement, all Class members or any other persons, whether or not they are to receive payment from the Net Settlement Fund, are hereby barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them by the Settlement approved by the Court.

8. Class Counsel, Rust, and Greylock are hereby authorized to discard (a) paper or hard copies of Claim Forms and related documents not less than one year after the distribution of the Net Settlement Fund to Authorized Claimants; and (b) electronic media or data not less than three years after the distribution of the Net Settlement Fund to Authorized Claimants.

9. The Court retains jurisdiction over any further application or matter which may arise in connection with the administration of this Settlement.

IT IS SO ORDERED.

BY THE COURT:

_____
AVERN COHN
United States District Court Judge

Dated: 4/21, 2015